# IN THE SUPREME COURT OF IOWA

No. 13–1937

Filed October 30, 2015

**STATE OF IOWA,**

Appellee,

vs.

**ERIC WILLIAM QUERREY,**

Appellant.

Appeal from the Iowa District Court for Lucas County, Terry Rickers, Judge.

A defendant appeals the district court's judgment entry following a resentencing hearing. **DISTRICT COURT SENTENCE VACATED AND CASE REMANDED.**

Jane M. White of Jane White Law Office, Des Moines, for appellant.

Thomas J. Miller, Attorney General, Mary A. Triick, Assistant Attorney General, and Paul M. Goldsmith, County Attorney, for appellee.

**APPEL, Justice.**

Eric Querrey was convicted of first-degree murder and sentenced to life in prison without the possibility of parole in 1992. At the time of his conviction, Querrey was fifteen years old. On September 27, 2012, Querrey filed a motion to correct an illegal sentence. After conducting a resentencing hearing, the district court sentenced Querrey to life without the possibility of parole until after he had served thirty-five years.

Based upon our decision in *State v. Louisell*, we determine the district court's imposition of a sentence of life imprisonment without the possibility of parole until after Querrey has served thirty-five years was without authority. 865 N.W.2d 590, 600–01 (Iowa 2015). Therefore, we vacate the district court's sentence and remand the case to the district court.

**DISTRICT COURT SENTENCE VACATED AND CASE REMANDED.**

All justices concur except Mansfield, Waterman, and Zager, JJ., who concur specially.

#13–1937, *State v. Querrey*

**MANSFIELD, Justice (specially concurring).**

On remand, the parties should address, and the district court should determine, whether Senate File 448 applies to the resentencing proceeding. *See* 2015 Iowa Acts. ch. 65 § 1 (to be codified at Iowa Code § 902.1(2)); *see also id.* § 5 (providing that "[t]he sentencing provisions of this Act shall apply to a person who was convicted of a class 'A' felony prior to, on, or after the effective date of this Act and who was under the age of eighteen at the time the offense was committed"); *Horsley v. State*, 160 So. 3d 393, 405–09 (Fla. 2015) (applying post-*Miller v. Alabama*, 567 U.S. ___, 132 S. Ct. 2455, 183 L. Ed. 2d 407 (2012), sentencing legislation to a defendant who was originally sentenced before *Miller*); *State v. Castaneda*, 842 N.W.2d 740, 760–62 (Neb. 2014) (same); *In re McNeil*, 334 P.3d 548, 552–54 (Wash. 2014) (en banc) (same).

Waterman and Zager, JJ., join this special concurrence.